# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYNOSO,<br><br>               Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 10-04604-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On June 25, 2010, Jaime Reynoso ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's Social Security disability and disability insurance benefits. On February 3, 2011, the Commissioner filed an Answer to the Complaint. On June 9, 2011, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and

remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 38 year old male who filed an application for disability and disability insurance benefits and supplemental security income benefits on April 6, 2006, alleging disability beginning December 3, 2003. (AR 14, 42.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 16.)

Plaintiff's claim was denied initially and on reconsideration. (AR 14.) Plaintiff filed a timely request for a hearing, which was held on February 20, 2008, in Orange, California, before Administrative Law Judge ("ALJ") Charles E. Stevenson. (AR 22.) Plaintiff appeared and testified at the hearing. (AR 14.) Medical expert Joseph Jensen, M.D., and vocational expert ("VE") David Rinehart also testified. (AR 14.) Plaintiff was represented by counsel. (AR 14.)

The ALJ issued an unfavorable decision on April 25, 2008. (AR 14-22.) The Appeals Council denied Plaintiff's request for review on April 22, 2010. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises two issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the presence of a closed period of disability.
2. Whether the ALJ properly considered the opinions of the neutral examining physician.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is

not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity (RFC) is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must account for all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 3, 2003, the alleged onset date. (AR 16.)

At step two, the ALJ found that Plaintiff has the following medically determinable severe impairments: a two level lumbar fusion and bilateral carpal tunnel syndrome. (AR 16.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. (AR 16.)

The ALJ then found that Plaintiff had the RFC to perform light work with the following limitations:

> . . . lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting for six hours, and standing/walking for six hours out of an eight hour day except that the claimant needs a five minute in place change of position break every hour. He can perform frequent, but constant use of his hands, no forceful use of his hands, and no working on uneven terrain, or climbing ladders, ropes and scaffolds.

(AR 16.) In determining Plaintiff's RFC, the ALJ made an adverse credibility finding (AR 18), which is not challenged here.

At step four, the ALJ found that Claimant is unable to perform his past relevant work as a construction laborer. (AR 21.) Nonetheless, the ALJ determined that Plaintiff can perform other jobs that exist in the national economy in significant numbers, including small products assembler, electronics assembler, information clerk, and cashier. (AR 20-21.)

Hence, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 22.)

# DISCUSSION

## I. THE ALJ FAILED TO CONSIDER A CLOSED PERIOD OF DISABILITY

Plaintiff suffered a job related injury to his back in 2003. (AR 18.) He underwent a two level lumbosacral fusion on November 5, 2005. (AR 18, 378-82.) The ALJ accepted the opinion of medical expert Dr. Jensen that none of Plaintiff's impairments met a listing. (AR 16.) He also accepted Dr. Jensen's light work RFC. (AR 19.)

Plaintiff, however, challenges the ALJ's nondisability decision for the period of December 3, 2003, to May 16, 2005, and November 1, 2005, to December 4, 2006. Plaintiff contends that Dr. Jensen's testimony refers only to Claimant's condition as "status post-level two lumbosacral fusion" (AR 33) and thus the ALJ nondisability decision is not supported by substantial evidence for the period from 2003 to 2005 before the lumbosacral fusion surgery or for the post-surgical period from November 1, 2005, to December 4, 2006.

Plaintiff is correct. The ALJ decision does not adequately address Plaintiff's disability status prior to his 2005 surgery. Agreed medical examiner ("AME") Dr. Jackson and treating physician and surgeon Dr. Simon Lavi regarded Plaintiff as temporarily totally disabled for the period of December 3, 2003, to May 16, 2005, and November 1, 2005, to December 4, 2006. (AR 718, 672, 281, 285, 290, 294, 298, 302, 310.) These opinions may be evidence that Claimant met the 12 month disability duration requirement. 20 C.F.R. 416.409 (". . . your impairment . . . must have lasted . . . for a continuous period of at least 12 months. We call this the durational requirement").

There is some conflicting medical testimony, but the ALJ decision does not give specific, legitimate reasons for rejecting the workers' compensation opinions of Dr. Jackson and Dr. Lavi. Nor does it "translate" their workers' compensation terminology into Social Security terminology. Dr. Jensen only addressed Plaintiff's post-surgical condition. The same is true of the ALJ decision. As a result, the ALJ decision is ambiguous, indeterminate and insufficient to resolve Plaintiff's pre-surgical and post-surgical disability status and must be reversed and remanded for further proceedings.

### A. Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with

and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

In a lengthy report dated May 16, 2005, that the ALJ decision fails to discuss or even mention, Dr. Jackson diagnosed degenerative disc disease of the lumber spine with a large herniated disc causing severe spinal stenosis, annular disc disruption with lower extremity radiculitis, and history of potential bilateral carpal tunnel syndrome (not the focus of the examination).  (AR 716.)  This diagnosis was based on physical examination (AR 704-06), and radiographic evidence of "near complete sacralization of the L5 level, with moderate degenerative disease and collapse of the L4-5 disc space".  (AR 706.)  Dr. Jackson's diagnosis also was based on a thorough review of the medical records.  (AR 706-16.)  Dr. Jackson opined that Plaintiff was temporarily totally disabled for the period of December 3, 2003, to May 16, 2005, plus an additional 12 to 18 months if he undergoes surgery.  (AR 718.)  Dr. Jackson further opined that Plaintiff was precluded from heavy work, and from prolonged sitting, standing, walking, and weightbearing.  (AR 718.)  He also found that Plaintiff had lost 50% of his pre-injury work capacity.  (AR 719.)

Claimant underwent two level lumbosacral spinal surgery on November 5, 2005.  (AR 18, 378-82.)  In a report dated December 4, 2006, AME Jackson opined that Plaintiff should be considered temporarily totally disabled from November 2005 to the date of the report.  (AR 671.)  He also found that Plaintiff had lost 60% of his pre-work capacity.  (AR 672.)  Again, Dr. Jackson imposed restrictions on prolonged sitting and weightbearing, and heavy work.  (AR 19, 672.)  The ALJ decision acknowledges this report and Dr. Jackson's prescribed limitations (AR 19) but provides no evaluation of Dr. Jackson's report or specific reasons for rejecting it.  In April, 2008, Dr. Jackson opined that Plaintiff had the same functional limitations as previously assessed.  (AR 761-62.)  The ALJ does not mention this evidence.

Plaintiff's physician and surgeon Dr. Simon Lavi provided diagnoses similar to Dr. Jackson and also opined that Plaintiff was temporarily totally disabled both pre-surgically and post-surgically through January 2006. (AR 281, 285, 290, 294, 298, 302 and 310.) The ALJ acknowledges Dr. Lavi's findings (AR 18-19) but appears to cherrypick statements from Dr. Lavi's reports that support a non-disability status, while failing to give much attention or significance to Dr. Lavi's pre-surgical reports or to Plaintiff's 2005 surgery or its implications for a closed period of disability.

There is conflicting medical testimony. Pre-surgically, Dr. Etemad was not as restrictive as Dr. Jackson and Dr. Sophon found no functional limitations. (AR 354.) Post-surgically, State reviewing physician Dr. Lizarras reviewed the medical evidence and opined that Plaintiff could do light work. (AR 653-58.) Thus, the ALJ was required to provide specific, legitimate reasons for rejecting the opinions of Dr. Jackson and Dr. Lavi.

The Commissioner asserts that, faced with conflicting medical opinions, the ALJ retained medical expert Dr. Jensen to assist in the interpretation of the medical evidence. (JS 12.) Dr. Jensen offered this opinion at the hearing:

> ALJ: What are the medically determinable impairments?
>
> ME: Yes, he is status post two level lumbosacral fusion. There's evidence there's continued low back pain present. Those are no neurological deficits. The AME indicated that there was no evidence of failure of the fusion sight and he was questioning why there was __ be increased pain. Secondly, there's bilateral evidence of carpal tunnel syndrome. There's been no treatment for this. It doesn't appear that there would be a meeting or equally in my opinion here.

(AR 33-34.)

As Plaintiff notes, Dr. Jensen's brief, somewhat conclusory opinion only addresses Claimant's disability status as of the time of the hearing, <u>post-surgically</u>. Dr. Jensen does not address the temporary totally disabled opinions of Dr. Jackson and Dr. Lavi, nor the RFC

assessments of Dr. Jackson or give reasons why his own RFC differs from Dr. Johnson's. Dr. Jensen does not address Claimant's pre-surgical disability status or even seem aware of the closed period issue.

The same is true of the ALJ decision. The ALJ simply does not address the issue. The ALJ's only comment about a closed period of disability is that "[a] brief period of disability may have been appropriate to allow recovery from the claimant's back surgeries, but not for a period of 12 continuous months." (AR 19.) This statement makes no reference to possible pre-surgical impairment or to the opinion of Dr. Jackson that Plaintiff was disabled from December 3, 2003 to November 5, 2005. The ALJ's assertion that Claimant was not disabled for a period of 12 continuous months is not supported by substantial evidence and is arguably contrary to the evidence of record.

Additionally, the only evidence cited in the ALJ decision for the step three finding of no listed impairment is Dr. Jensen's opinion cited above. (AR 16.) Thus, the ALJ decision lacks any evidence on whether there is a pre-surgical impairment lasting for 12 months. The ALJ simply does not address the issue.

Finally, Dr. Jensen and Dr. Lizarras are non-treating, non-examining physicians who did not rely on an independent examination or other evidence. They merely reviewed the same evidence that Dr. Jackson did, and thus their opinions are not substantial evidence that can be used to reject the opinions of Dr. Jackson. Andrews, 53 F.3d at 1041; Orn, 495 F.3d at 632. The ALJ decision notes that Dr. Lavi's opinion is conclusory, which is true, but that does not negate the extensive analysis presented by AME Jackson who reviewed and incorporated into his own reports Dr. Lavi's findings and opinions of temporary total disability. The ALJ cannot rely on the opinions of Dr. Jensen and Dr. Lizarras to reject the opinion of Dr. Jackson, particularly here where Dr. Jensen, Dr. Lizarras and the ALJ do not provide any specific, legitimate reasons for doing so. Dr. Jackson specifically rejects Dr. Etemad's analysis (AR 711) and the ALJ never relied on Dr. Etemad or Dr. Sophon in any event. He relied on Dr. Jensen and Dr. Lizarras. The implicit rejection of Dr. Jackson's opinion is not supported by substantial evidence.

There is evidence in the record that may support a closed period of disability lasting 12 months. The ALJ decision fails to consider or discuss whether Claimant's pre-surgical impairment would meet the 12 month Social Security durational requirement. The ALJ decision must be reversed and remanded for further proceedings to address that issue.

## II. THE ALJ DECISION FAILED TO TRANSLATE DR. JACKSON'S WORKERS' COMPENSATION OPINIONS

The Court cannot determine from the record whether Dr. Jackson's opinion would establish disability for Social Security purposes. Terms of art used in workers' compensation proceedings are not equivalent to Social Security disability terminology. <u>Desrosiers v. Secretary of Health & Human Services</u>, 846 F.2d 573, 756 (9th Cir. 1988); <u>Macri v. Chater</u>, 93 F.3d 530, 544 (9th Cir. 1996); <u>Booth v. Barnhart</u>, 181 F. Supp. 2d 1099, 1104 (C. D. Cal. 2002). Dr. Jackson and Dr. Lavi were rendering workers' compensation opinions and had no reason to use Social Security terminology.

The Commissioner correctly observes that disability is an issue reserved to himself. 20 C.F.R. § 404.1527(e)(1)("[a] statement by a medical source that you are . . . unable to work does not mean that we will determine that you are disabled"). An ALJ, however, may not ignore a physician's medical opinion from a workers' compensation proceeding. <u>Booth</u>, 181 F. Supp. 2d at 1105. The ALJ must "translate" terms of art contained in workers' compensation medical reports and opinions into corresponding Social Security terminology in order to assess that evidence for Social Security disability determinations. <u>Id.</u> at 1106. The ALJ did not do so here. He did not "translate" Dr. Jackson's explicitly stated opinions and functional limitations or offer any specific, legitimate reasons for rejecting them.

The ALJ decision dismisses the temporary total disability opinions of Dr. Jackson and Dr. Lavi with the following statement: "This does not mean total disability as the Claimant is not institutionalized or otherwise incapacitated from normal activity." (AR 19.) The ALJ provides no explanation or authority for his apparent belief that institutionalization is necessary to be disabled under Social Security or workers' compensation law. The comment about "normal activity" is ambiguous and undefined, and not a legal standard under Social

Security disability law. Dr. Jackson plainly opined that Claimant was precluded from specified work activities. One does not need to be "utterly incapacitated" to be disabled for Social Security purposes. McElroy v. Astrue, 237 Fed. Appx. 167, 169 (9th Cir. 2007). Most importantly, the ALJ's statement is not a "translation" of Dr. Jackson's temporary total disability opinion or of the functional limitations he prescribed.

This case must be remanded for further proceedings to address Plaintiff's contention of a closed period of disability which requires a proper translation of the workers' compensation opinions and findings of, and limitations prescribed by, Dr. Jackson and Dr. Lavi.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 27, 2011                */s/ John E. McDermott*
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE